

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
~~WILL WILSON~~
ATTORNEY GENERAL

Honorable Homer P. Rainey, President
University of Texas
Austin, Texas

Dear Sir:                    Opinion No. O-4577
                             Re: Deficiency allowance by Governor
                                 to University of Texas.

From your letter of May 1st and documents accompany-
ing it, it appears that on your sworn application of April 8,
1942, the Governor on April 14, 1942, under the authority of
R. C. S. Article 4351, approved the making of deficiency ex-
penditures in the following amounts, supplementing the items
of appropriation listed below, for the remaining portion of
the fiscal year ending August 31, 1942:

|     Appropriation                          | Deficiency Allowance |
|--------------------------------------------|----------------------|
| Item 43 (Comptroller's No. C-1167)         |     $5,000.00        |
|   Research Fellows. . .$12,000.00          |                      |
|                                            |                      |
| Item 44 (Comptroller's No. C-1176)         |                      |
|   Equipment, Maintenance, Printing         |                      |
|   & Traveling. . . . . $14,200.00          |    $15,000.00        |

You ask the opinion of this Department as to the legal-
ity of the Governor's approval of such request for deficiency
allowance.

Items 43 and 44 appear in the educational institutions
appropriation bill (H. B. 272, Acts 47th Leg., Reg. Sess.)
under "The University of Texas, Extramural Divisions" and the
subheading "Bureau of Industrial Chemistry."

Article 4351, Revised Civil Statutes, provides:

"All heads of departments, managers of State
institutions or other persons intrusted with the
power or duty of contracting for supplies, or in
any manner pledging the credit of the State for
any deficiency that may arise under their manage-
ment or control, shall, at least thirty days be-
fore such deficiency shall occur, make out a sworn
estimate of the amount necessary to cover such de-

ficiency until the meeting of the next Legislature. Such estimate shall be immediately filed with the Governor, who shall thereupon carefully examine the same and approve or disapprove the same in whole or in part. When such deficiency claim, or any part thereof, has been so approved by the Governor he shall indorse his approval thereon, designating the amount and items thereof approved and the items disapproved, and file same with the Comptroller; and the same shall be authority for the Comptroller to draw his deficiency warrant for so much thereof as may be approved; but no claim, or any part thereof, shall be allowed or warrants drawn therefor by the Comptroller, or paid by the Treasurer, unless such estimate has been so approved and filed. If there is a deficiency appropriation sufficient to meet such claims, then a warrant shall be drawn therefor and the same shall be paid; but, if there is no such appropriation, or if such appropriation be so exhausted that it is not sufficient to pay such deficiency claim, then a deficiency warrant shall issue therefor; and such claim shall remain unpaid until provision be made therefor at some session of the Legislature thereafter. The provisions of this article shall not apply to fees and dues for which the State may be liable under the general laws. When any injury or damage shall occur to any public property from flood, storm or any unavoidable cause, the estimate may be filed at once but must be approved by the Governor as provided in this article."

Your application reads as follows:

"DEFICIENCY FOR THE BUREAU OF INDUSTRIAL
CHEMISTRY THE UNIVERSITY OF TEXAS
AUSTIN, TEXAS

"TO THE HONORABLE COKE R. STEVENSON, GOVERNOR OF TEXAS:

"COMES NOW Homer P. Rainey, President of The University of Texas, Austin, Texas, and in compliance with the provisions of Article 4351, Revised Civil Statutes of Texas, 1925, submits this his sworn estimate of the amount of deficiency appropriation necessary for supplementing funds available to The University of Texas, Austin, Texas, for the fiscal year ending August 31, 1942. For the purpose of supplementing the Bureau of Industrial Chemistry fund, to pay for extra help and miscellaneous expenses.

"The total amount requested is $20,000 and
is to supplement appropriations made to The Uni-
versity of Texas, Extramural Divisions, Bureau
of Industrial Chemistry; broken down as follows:
$5,000.00 to supplement appropriation number C-
1167 - 43; and $15,000.00 to supplement appro-
priation number C-1176. Both of these appropri-
ations are now practically exhausted.

"That the foregoing amount is reasonable and
necessary to continue work on an expanded program
of converting natural gas into acetylene and re-
lated activities.

"WHEREFORE, Homer P. Rainey, President of The
University of Texas, Austin, Texas, respectfully
petitions your Excellency to grant a deficiency
appropriation in the amount above specified.

"/s/  Homer P. Rainey
                (Head)
President, The University
of Texas
                (Department)

"STATE OF TEXAS
COUNTY OF TRAVIS

"Sworn and subscribed to before me, this the
8th day of April , A. D., 1942, by Homer P. Rainey,
President, The University of Texas.     (Head)
                (Department)

"/s/  Thelma Lockwood
Notary Public, Travis
County, Texas."

The application is in proper form and presented a re-
quest which the Governor, in his discretion, might allow or
refuse, under Article 4351. In our opinion No. O-2118, copy
of which is enclosed, we held that Article 4351 allows the
Governor to supplement existing appropriations for current
operating expenses, but does not authorize him to supplement
appropriations made for the construction or purchase of per-
manent improvements or betterments. The items of appropria-
tion supplemented in the instant case are of the first class,
to-wit, appropriations for current operating expenses. The
deficiency allowances are available for expenditure for the
same purposes as those for which the appropriation items they
supplement might be expended.

The application presenting a case within the jurisdiction conferred upon the Governor by Article 4351, his determination that there existed a necessity for allowing such deficiency expenditures and the amount thereof is not subject to review by this Department.

You enclose a certificate from the Comptroller dated May 1st, 1942, certifying that the grant made to your institution under date of April 14, 1942, added to the other deficiency allowances approved by the Governor theretofore, does not make the deficiency allowance approved by the Governor aggregate more than $200,000.00. It therefore appears that the grant to your institution is not invalid by force of the provisions of Article 4351a, Vernon's Revised Civil Statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/R. W. Fairchild
R. W. Fairchild
Assistant

RWF:LM:wc
ENCLOSURE

APPROVED MAY 5, 1942
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman